## John Adam Becker, Appellant, *v.* The Lebanon and Myerstown Street Railway Company.

*Appeal—Review of discretion in granting postponement—Practice, C. P.*
Ordinarily the trial of a cause should not be postponed because of the pendency of another suit unless it be pleadable in abatement; but no unbending rule can be laid down, The peculiar circumstances of a case may be such as to justify the court in the exercise of its discretionary powers in postponing the trial for a short time, and unless there has been a clear abuse of discretion the appellate court will not review its action.

Argued Oct. 24, 1898. Appeal, No. 140, Oct. T., 1898, by plaintiff, from order of C. P. Lebanon Co., June T., 1897, No. 400, making absolute rule to stay all proceedings. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to stay proceedings. Before EHRGOOD, P. J.

It appears from the record that the court below made absolute a rule to show cause why all proceedings, including rule to plead, should not be stayed. This order was made after rule to plead had been entered in an action of ejectment to recover possession of land, certified by the court to be under $1,000, taken by the defendant below, which absolved defendant below from pleading to the action ; and set up further proceedings in

the action of ejectment dependent upon the entry of a final decree in a proceeding in equity in another action to restrain and prevent entry, which, at its filing and service, was threatened. The land taken, and of which possession is retained by the street railway company, is contained in a turnpike. It was alleged that the turnpike company had only an easement in, or a right for it, and its patrons, to pass over the land, and that the fee of the land remained in the plaintiff. Plaintiff appealed.

*Error assigned* among others was in entry of decree indefinitely staying proceedings in this action of ejectment during the pendency of, and until the uncertain and indefinite entry of a final decree on a bill in equity, which was for an entirely different cause of action.

*Bassler Boyer*, for appellant.—The court below acted under a misconception of the powers and jurisdiction of the court: Railroad Co. v. Railway Co., 167 Pa. 62.

If land which is subject to a right of way, or other easement, is exclusively appropriated by one of the owners of such easement, or by a stranger, the owner of the fee can recover possession, subject to the easement, by an action of ejectment: Cooper v. Smith, 9 S. & R. 26; 3 Waite on Actions and Defenses, 6, 8.

*C. H. Killinger*, with him *Capp & Schock* and *S. P. Light*, for appellee.—The appellant has taken this appeal from an interlocutory order of the court below granting a temporary stay of proceedings in an action of ejectment brought by him against the plaintiff in the court below.

The court regards the substance, not the form of the action and relief, so that a cause pending in equity abates a subsequent suit at law involving substantially the same subject-matter and relief. This rule has been applied to actions of ejectment in the following cases: Williams v. Row, 62 Pa. 118; Westcott v. Edmunds, 68 Pa. 34; Pittsburg Railroad Co. v. Mt. Pleasant Railroad Co., 76 Pa. 481; Warner v. Hopkins, 111 Pa. 328.

In the present case there was no plea in abatement; the court granted a stay upon petition, rule and answer after argument: Findley v. Keim, 62 Pa. 112.

PER CURIAM, December 15, 1898:

This is an appeal from an order staying proceedings in the

action (ejectment) until after a final decree should be entered in a suit in equity instituted by the plaintiff against the defendant and pending in the same court at the time of the commencement of this action.   At the time the motion for this order was made and the rule to show cause was granted the equity suit had been tried before a judge called in from an adjoining district and was awaiting his decision and decree.   Before the rule to show cause was made absolute the court had entered a decree dismissing the bill, from which the plaintiff had appealed to the Supreme Court.*   As this decree has now been affirmed by the Supreme Court, and the stay of proceedings has been removed by the happening of the event referred to in the order, the question sought to be raised by the present appeal is an abstract one, and needs no extended discussion.   The rules for bringing on causes for trial must be influenced by a sound legal discretion applicable to the peculiar circumstances of every case ; by exercising which, care will be taken by the courts that no injustice be done, either by precipitate trials or wanton delays. Ordinarily the trial of a cause will not be postponed because of the pendency of another suit unless it is pleadable in abatement; but no unbending rule can be laid down upon the subject.   The peculiar circumstances of the case may be such as to justify the court in the exercise of its discretionary powers in postponing the trial for a short time, and unless there has been a plain abuse of discretion, the appellate court will not review its action.   Granting that the defendant was not entitled to a stay of proceedings or to a postponement of the trial as a matter of strict right, yet in view of all the circumstances we are not prepared to say that there was any abuse of discretion.

The appeal is dismissed at the costs of the appellant and the record is remitted with a procedendo.

* See 188 Pa. 484.